Thomas F. Seward v. Commissioner. Christine Seward v. Commissioner.
Seward v. Commissioner
Docket Nos. 75040, 75041.
United States Tax Court
T.C. Memo 1961-114; 1961 Tax Ct. Memo LEXIS 236; 20 T.C.M. (CCH) 561; T.C.M. (RIA) 61114; April 21, 1961
*236 Howard L. Thaler, Esq., for the petitioners. Marion Malone, Esq., for the respondent. MURDOCK
Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency in income tax for 1953 of $2,062.14 in the case of Thomas and of $2,142.55 in the case of Christine. These two taxpayers are husband and wife. They resided in California and filed separate income tax returns for 1953 with the district director of internal revenue at Los Angeles, California. They reported their income on a cash and community basis. The only issue for decision is whether collections on accounts receivable in the amount of $13,129.03 received by Thomas in 1953 were taxable as ordinary income, as determined by the Commissioner, rather than as long-term capital gain, as reported by the petitioners. The facts of record have been introduced by a stipulation which is adopted as the findings of fact. Thomas and William R. Wilkerson entered into a partnership agreement on or about July 1, 1944, to publish a trade paper in the motion picture industry. Thomas' participation in the partnership was 38 percent. Thomas brought a court action against Wilkerson on or about August 15, 1951, for dissolution *237 of the partnership, an accounting, and the appointment of a receiver. Thomas and Wilkerson entered into a settlement agreement on or about December 30, 1952, to dissolve and terminate the partnership. Wilkerson is described in that agreement as buyer and Thomas as seller, but excepted from the sale were "All accounts receivable of the copartnership and the proceeds thereof, existing as of the close of the month of November, 1952, whether or not the same have been entered upon the books and/or billed." The agreement provided that prior to January 15, 1953, the accounts receivable in excess of the amount required to satisfy accounts payable (not in excess of $5,000) "shall be withdrawn by the partners from said partnership, and all of said accounts receivable shall thereafter be owned by the parties hereto as co-owners" and all collections on the accounts receivable commencing December 1, 1952, were to be accumulated by Wilkerson for the benefit of himself and Thomas and distributed in a prescribed manner. Thomas brought another court action against Wilkerson on or about May 11, 1953, for an accounting of the collection of the accounts receivable, and the court in its findings of fact *238 and conclusions of law stated that Wilkerson was trustee with respect to the collection of the accounts receivable and had a continuing duty to account to Thomas with respect thereto and to pay over to Thomas his proper share of the balance of collections remaining after deduction of certain specified allowable disbursements. Thomas actually received during 1953 $13,129.03 from the collection of the accounts receivable, but he and his wife each reported as long-term capital gains one-half of $11,882.63 as collections of accounts receivable during 1953. The Commissioner in determining the deficiencies held that the amounts received by the petitioners from the collection of the accounts receivable represent ordinary income rather than capital gain and that the amount of the collections was $13,129.03 instead of the $11,882.63 reported in the returns. He eliminated the amounts reported as long-term capital gains and added one-half of the correct amount of collections to the income of each petitioner. The petitioners contend that Wilkerson received the collections on the accounts receivable of the partnership and paid 38 percent of the net amounts thereof to Thomas, as a portion *239 of the purchase price of Thomas' interest in the partnership, that is, the sale price of Thomas' interest was to be measured in part by amounts which would be realized upon collection of accounts receivable of the partnership, and as a result, the $13,129.03 received by Thomas in 1953 represented long-term capital gains on his sale of the partnership. The stipulated facts in this case establish no basis for any such contention. The agreement of sale upon which the petitioners rely expressly provides that the accounts receivable of the partnership are not being sold and that agreement makes special provision for the collection of those assets and the distribution to Thomas of his share thereof. ; . Other stipulated documents also support the conclusion that Thomas did not sell his interest in the accounts receivable. There are other reasons why the petitioners must fail in this proceeding. There is no showing that these particular accounts receivable were assets held for more than six months. The record does not show that the partnership used a method of accounting under which any of these accounts *240 receivable were reported as partnership income for any period material hereto. There is no showing that these accounts receivable would not have represented ordinary income if they had been collected by the partnership. Items of ordinary income of this kind cannot be turned into capital gain items by means of a sale. , and cases there cited. The result would be the same whether or not they were purportedly included in the sale, although the evidence shows clearly that they were not. Decisions will be entered for the respondent.